FILED
2018 Aug-21 AM 08:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TONY WAYNE MCELYEA,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | Civil Action Number |
| **WARDEN GORDY,** *et al.*, | ) | **5:17-cv-01085-AKK-HNJ** |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on July 18, 2018, recommending that the court dismiss Petitioner Tony McElyea's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(b). Doc. 3. Specifically, the magistrate judge found that McElyea raised the same double jeopardy claim in his present petition that he raised in his July 2010 petition, thereby violating 28 U.S.C. § 2244(b)(1). *Id.* at 5. The magistrate judge also found that McElyea raised new claims in the present petition without the requisite showing under § 2244(b)(2) that the new claims rely on a new rule of constitutional law or that he could not have discovered previously the factual predicate for the newly raised claims. *Id.* at 5-6. In the alternative, the magistrate judge recommended that the court dismiss McElyea's petition for failing to obtain authorization from the Eleventh Circuit Court of Appeals before filing a second or successive petition under 28 U.S.C. § 2244(b)(3)(A). *Id.* at 6.

McElyea filed objections to the report and recommendation on August 8, 2018. Doc. 7. According to McElyea, the court held his July 2010 petition "without adjudicating it or notifying petitioner that they [were] holding it." Doc. 7 at 1. He claims also that he believed the present petition "would be his first 2254 of record." *Id*.

On November 2, 2011, Magistrate Judge Harwell G. Davis, III, recommended the court deny McElyea's first § 2254 petition. Doc. 11 in *McElyea v. Mitchem*, No. 5:10-cv-01819-SLB-HGD (N.D. Ala. Nov. 2, 2011). Judge Davis notified McElyea that he had fourteen days to file written objections. *Id*. On November 16, 2011, McElyea requested a twenty day extension to file objections to the report and recommendation, doc. 12 in *Mitchem*, No. 5:10-cv-01819-SLB-HGD, which Judge Davis granted. However, McElyea failed to file objections and the court denied MCElyea's petition on January 3, 2012. Docs. 13 & 14 in *Mitchem*, No. 5:10-cv-01819-SLB-HGD. Thus, it appears that McElyea knew that Judge Davis recommended that his July 2010 petition be denied and that his claims were subject to dismissal.

Next, McElyea argues that he did not raise a double jeopardy claim in the present petition and therefore did not violate 28 U.S.C. § 2244(b)(1). Doc. 7 at 1. He contends that he "simpl[y] mentioned" the issue of double jeopardy in support

2

of his claims. *Id*. However, McElyea clearly stated as ground three of his current petition that his "conviction [was] obtained by a violation of the protection against double jeapordy [sic]." Doc. 1-2 at 2, 5. Because McElyea alleged the same claim in his July 2010 petition, it is subject to dismissal under § 2244(b)(1).

McElyea further contends that the jury included a note with its guilty verdict stating that the victim contributed to the crime, and the note, therefore, negated the element of forcible compulsion and showed the act was consensual. Doc. 7 at 1. McElyea did not raise this issue in the present petition. Doc. 1. Even if he had, it would be subject to dismissal under § 2241(b)(1) since he raised it in his July 2010 petition and the court denied the claim. Doc. 11 in *Mitchem*, No. 5:10-cv-01819-SLB-HGD

Having carefully considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court **ADOPTS** the report and **ACCEPTS** the recommendation. The court **ORDERS** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the above-styled cause is due to be denied and dismissed with prejudice. A separate order will be entered.

The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

3

§ 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds petitioner's claims do not satisfy either standard.

**DONE** the 21st day of August, 2018.

*/s/ Abdul Kallon*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE